In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00134-CR
_____

JOSE ERICK BANDA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 17-08-09391-CR

**MEMORANDUM OPINION**

Appellant Jose Erick Banda appeals his conviction for felony driving while intoxicated. In two issues on appeal, Banda complains that the trial court abused its discretion by admitting portions of a video from the officer's body camera and the contents of a 911 call. We affirm the trial court's judgment.

1

BACKGROUND

A grand jury indicted Banda for driving while intoxicated, a third-degree felony. The trial court admitted into evidence a 911 call, in which a citizen reported that a truck was swerving and had nearly been involved in two head-on collisions. Deputy Jesse Bullinger of the Montgomery County Precinct Four Constable's Office testified that he located the truck and initiated a traffic stop after observing the driver change lanes without signaling and make a wide right turn. Bullinger testified that prior to making the stop, he activated the dash camera in his patrol car, and Bullinger also testified that he was wearing a body camera that recorded his encounter with Banda. State's Exhibit 5 contained the videos from both cameras.

Bullinger explained that upon making contact with Banda, Banda's eyes were red and glassy, a strong odor of an alcoholic beverage was coming from the vehicle, and Bullinger saw an open beer can near Banda's feet. Based on Banda's performance during the field sobriety tests, Bullinger formed the opinion that Banda was intoxicated. Bullinger explained that Banda refused his requests to submit to a breath or blood test. Bullinger testified that he took Banda into custody, requested a search warrant to authorize a blood draw, and transported Banda to the emergency room where Banda had to be forcibly restrained for a nurse to obtain a blood specimen. A forensic scientist with the Texas Department of Public Safety Crime

2

Lab testified that Banda's blood specimen contained 0.131 plus or minus 0.006 grams of alcohol per 100 milliliters of blood and that the legal limit was 0.08. A jury found Banda guilty of felony driving while intoxicated, assessed punishment at two years of confinement, and assessed a $5000 fine.

## ANALYSIS

In issue one, Banda complains that the trial court abused its discretion by admitting a portion of Bullinger's body camera video which shows Banda, who was dressed in jail attire and handcuffed, being forcibly restrained during the blood draw. In his brief, Banda argues that the video was inherently prejudicial because it showed him dressed in jail clothing, handcuffed, and being forcibly restrained. *See* Tex. R. Evid. 403.

The record shows that during the trial, Banda objected to the blood draw portion of the video because it gave the jury the impression that he was a convict and that he should be in jail. The prosecutor argued that the video of the blood draw was relevant and was evidence of Banda's intoxication. The prosecutor indicated that the evidence "should survive a 403 objection, Judge, if we want to litigate that at this time[,]" but at that point, defense counsel did not raise a 403 objection. The trial court overruled Banda's objection and admitted the video of the blood draw into evidence.

3

In his brief, Banda argues that although he did not specifically mention Rule 403 in his objection, the record shows that the prosecutor and the trial court knew that his objection was based on Rule 403. The State argues that Banda failed to make a specific objection to preserve error under Rule 403. The State argues that, even if the trial court assumed that Banda's complaint was based upon an alleged violation of his right to the presumption of innocence, Banda failed to make a Rule 403 objection.

To preserve a complaint regarding the admission of evidence for appellate review, a defendant must lodge a timely, specific objection, and that objection must comport with the defendant's complaint on appeal. *See* Tex. R. App. P. 33.1(a); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). The record shows that Banda did not object to the complained-of portion of the video based on Rule 403. Because Banda's Rule 403 argument on appeal fails to comport with the objection he made at trial, we conclude that Banda has failed to preserve this argument for our review. *See* Tex. R. App. P. 33.1(a). Even if Banda had made a Rule 403 objection, based on our review of the record as a whole, the admission of the video of the blood draw did not affect Banda's substantial rights. *See* Tex. R. App. P. 44.2(b); *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001). We overrule issue one.

In issue two, Banda argues that the trial court abused its discretion by overruling his Confrontation Clause objection and admitting a recording of the 911 call. According to Banda, the trial court deprived him of his Sixth Amendment right to confront and cross-examine a witness against him. *See* U.S. Const. amend VI. Banda maintains that he was harmed by the trial court's admission of the 911 call because it is the only evidence supporting the jury's finding that he used or exhibited a deadly weapon during the commission of the offense.

The Confrontation Clause of the Sixth Amendment to the United States Constitution prohibits the admission of testimonial statements of a witness who does not appear at trial unless the witness is unavailable to testify, and the defendant had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 59 (2004). Whether a statement is testimonial or nontestimonial is a legal question that we review *de novo*. *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006). The United States Supreme Court has identified three kinds of out-of-court statements that could be regarded as testimonial:

> (1) "ex parte in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorily";

5

(2) "extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions"; and

(3) "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial."

*Id.* at 735 (quoting *Crawford*, 541 U.S. at 51-52).

In *Crawford*, the Supreme Court held that the Confrontation Clause prohibits the admission of testimonial hearsay, stating that, at a minimum, the term "testimonial" applies to police interrogations and prior testimony at a preliminary hearing, before a grand jury, or at a former trial. *Crawford*, 541 U.S. at 68; *see Woods v. State*, 152 S.W.3d 105, 113 (Tex. Crim. App. 2004). The Supreme Court has explained that statements are nontestimonial when they are made during police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police to meet an ongoing emergency. *Davis v. Washington*, 547 U.S. 813, 822 (2006). The non-inclusive factors to be considered in determining whether a statement was made during an ongoing emergency include:

> 1) whether the situation was still in progress; 2) whether the questions sought to determine what is presently happening as opposed to what has happened in the past; 3) whether the primary purpose of the interrogation was to render aid rather than to memorialize a possible crime; 4) whether the questioning was conducted in a separate room, away from the alleged attacker; and 5) whether the events were deliberately recounted in a step-by-step fashion.

6

*Vinson v. State*, 252 S.W.3d 336, 339 (Tex. Crim. App. 2008) (citing *Davis*, 547 U.S. at 829-30).

The record shows that during a pretrial hearing, the State argued that the call was nontestimonial and is "strictly a present sense impression, [a] play-by-play of what happened." The trial court overruled defense counsel's objection, finding that the 911 call was nontestimonial and served as a present sense impression. Bullinger testified that the 911 call concerned a report of a truck that was swerving into oncoming traffic. Bullinger explained that there are multiple reasons why people call in an attempt to locate a vehicle that is being hazardous to other vehicles on the road, and that law enforcement tries to intercept that vehicle. Bullinger testified that he located the truck and initiated a traffic stop after observing a traffic violation, and during the stop, Bullinger formed the opinion that Banda was intoxicated.

On this record, we conclude that the 911 call was nontestimonial. The 911 call reported a dangerous situation that was still in progress, and the police's primary purpose was to assess the situation by intercepting the vehicle to meet an ongoing emergency rather than to memorialize a possible crime or to prove past events for use in a later criminal prosecution. *See Davis*, 547 U.S. at 822; *Vinson*, 252 S.W.3d at 339; *Santacruz v. State*, 237 S.W.3d 822, 827-30 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). Because the statements made during the 911 call indicate

7

that the primary purpose of the questioning was to enable police to meet an ongoing emergency, the trial court's admission of the 911 call did not violate Banda's rights under the Confrontation Clause. *See Crawford*, 541 U.S. at 68; *Santacruz*, 237 S.W.3d at 830. We overrule issue two. Having overruled both of Banda's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 30, 2019
Opinion Delivered June 26, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.